IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| C. KAUI JOCHANAN AMSTERDAM, | ) ) ) | CV. NO. 10-00253 DAE-KSC |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| KITV 4 TELEVISION STATION; MIKE ROSENBERG, General Manager | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.  After reviewing the Motion to Dismiss and

supporting memoranda filed by Defendants Hearst Stations, Inc., owner and

operator of defendant television station KITV and Mike Rosenberg (collectively,

"Defendants"), the Court GRANTS Defendants' Motion.  ("Mot.," Doc. # 9.)

BACKGROUND

Many of the background facts have already been discussed in this

Court's prior order denying Plaintiff's Motion for Injunctive Relief on May 7,

2010 ("PI Order," Doc. # 8), and the Court recites only those facts necessary for a

determination on the instant Motion.  Defendant KITV 4 is a privately owned television station in Honolulu operated by Hearst Stations Inc., which is owned by Hearst Corporation, a privately held corporation.  (PI Order at 2.)  Defendant Rosenberg is KITV 4's General Manager.  (See "Compl.," Doc. # 1.)

Plaintiff's Complaint alleges that in 2010, Plaintiff ran as a candidate in the election for the Interim Representative in the United States House of Representatives, seeking to represent the First Congressional District of Hawai`i. (Compl. at 1.)  Defendants scheduled a debate for May 7, 2010, between three of the candidates who were seeking the position of Interim Representative in the First Congressional District of Hawai`i.  (Id.)  Plaintiff was not among the three candidates selected for the debate.  (Id.)  Plaintiff alleges that he requested to take part in the debate, however, Chuck Parker, the News Director for KITV 4 denied Plaintiff's request, stating that KITV 4 officials were responsible for the decision. (Id. at 2.)

Subsequently, on April 30, 2010, Plaintiff filed a complaint with this Court alleging that KITV 4's exclusion of Plaintiff from the debate violated his First and Fourteenth Amendment rights.  (Compl., Doc. # 1.)  On the same day, Plaintiff filed a Motion for Injunctive Relief.  (Doc. # 4.)  On May 7, 2010, this Court denied Plaintiff's Motion for Injunctive Relief because Plaintiff failed to

show a reasonable likelihood of success on the merits of his underlying claims.  (PI Order, Doc. # 8.)

On May 7, 2010, KITV 4 held the debate objected to by Plaintiff. (Mot. at 4.)  Plaintiff was not allowed to be a participant.  (Id.)  On May 22, 2010, the State of Hawaii Office of Elections declared Charles Djou to be the winner of the special election.[1]  (Id.)   On May 24, 2010, Defendants filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1), or, in the alternative, Rule 12(b)(6).  (Mot., Doc. #9.)  Plaintiff did not file an opposition to Defendants' Motion.  On August 9, 2010, Defendants filed a reply in further support of their Motion.  ("Reply," Doc. # 16.)

## STANDARD OF REVIEW

Pursuant to Rule 12(b)(1), a defendant may move to dismiss a complaint for lack of subject matter jurisdiction.  In a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the initial burden of proving that subject matter jurisdiction exists.  Robinson v. United States, 586 F.3d 683, 685 (9th Cir. 2009); Rattlesnake Coalition v. U.S. E.P.A., 509 F.3d 1095, 1102 n.1 (9th

---

[1] This Court takes judicial notice of fact that the State of Hawaii Office of Elections declared Charles Djou to be the winner of the special election because it is a fact that is "generally known within the territorial jurisdiction of the . . . court." Fed. R. Evid. 201(b).

Cir. 2007).  "In considering the jurisdiction questions, it should be remembered that 'it is a fundamental principle that federal courts are courts of limited jurisdiction.'" Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989) (quoting Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978)).  Upon a motion to dismiss, a party may make a jurisdictional attack that is either facial or factual.  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  A facial attack occurs when the movant "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  Id.  By contrast, a factual attack occurs when the movant "disputes the truth of the allegations, that by themselves, would otherwise invoke federal jurisdiction."  Id.

In resolving a facial attack on the allegations of the complaint, the court must accept the allegations of the complaint as true.  Mason v. Arizona, 260 F. Supp. 2d 807, 815 (D. Ariz. 2003); see also Savage v. Glendale Union High School, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003); White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).  "Unlike a Rule 12(b)(6) motion, however, the court will not reasonably infer allegations sufficient to support federal subject matter jurisdiction because a plaintiff must affirmatively allege such jurisdiction."  Mason, 260 F. Supp. 2d at 815.  When subject matter jurisdiction is challenged in a motion to

dismiss, the plaintiff has the burden of proving jurisdiction.  <u>Kingman Reef Atoll Investments, L.L.C. v. United States</u>, 541 F.3d 1189, 1197 (9th Cir. 2008) (citing <u>Tosco Corp. v. Comtys. for a Better Environment</u>, 236 F.3d 495, 499 (9th Cir. 2001)).

Additionally, a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Review is limited to the contents of the complaint.  <u>Clegg v. Cult Awareness Network</u>, 18 F.3d 752, 754 (9th Cir. 1994).  Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff.  <u>Livid Holdings Ltd. v. Salomon Smith Barney, Inc.</u>, 416 F.3d 940, 946 (9th Cir. 2005).  A complaint does not need to include detailed facts to survive a Rule 12(b)(6) motion to dismiss.  <u>Bell Atl. Corp. v. Twombly</u>, 127 S.Ct. 1955, 1965. (2007).  However, in providing grounds for relief, a plaintiff must do more than recite the formulaic elements of a cause of action.  <u>Id.</u> at 1966.  The plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence.  In other words, the plaintiff must allege enough facts to state a claim for relief that is plausible on its face.  <u>Id.</u> at 1974.  "[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." <u>McGlinchy v. Shell Chem. Co.</u>, 845 F.2d 802, 810 (9th Cir. 1988).

5

When a plaintiff appears pro se, the court has an obligation to construe the plaintiff's complaint liberally.  See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003) (same).  Pro se plaintiffs in a civil rights action must be afforded the benefit of any doubt.  See Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"  Id. (quoting Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superceded by statute, Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (determining that a district court retains its discretion to dismiss a pro se prisoner's in forma pauperis complaint with or without leave to amend under the Prisoner's Litigation Reform Act)).  "[B]efore dismissing a pro se civil rights complaint for failure to state a claim, the district court must give the plaintiff a statement of the complaint's deficiencies."  Id.

## DISCUSSION

Defendants assert that Plaintiff's Complaint must be dismissed because this Court lacks subject matter jurisdiction.  In support, Defendants state that the instant matter is moot, that Plaintiff does not have a claim under section 315 of the Communications Act of 1934, and that exclusion of minor candidates

from debates does not violate the First or Fourteenth Amendments if such

exclusion is based on reasonable, viewpoint-neutral criteria.  The Court shall

address each argument in turn.

I.      Subject Matter Jurisdiction: Mootness

         Preliminarily, Defendants assert that Plaintiff's claims should be

dismissed because the debate has already taken place without Plaintiff, and

therefore, the case is moot and this Court lacks subject matter jurisdiction.  (Mot. at

2.)  According to the United States Supreme Court, "[i]n general a case becomes

moot when the issues presented are no longer live or the parties lack a legally

cognizable interest in the outcome."  Murphy v. Hunt, 455 U.S. 478 (1982)

(quotations and internal marks omitted).  When this happens, the case fails to be a

"case or controversy" under Article III of the United States Constitution.  See In re

Burrell, 415 F.3d 994, 998 (9th Cir. 2005) (citation omitted); U.S. Const.  art. 3, §

2.

         The Supreme Court, however, has also recognized an exception to the

mootness doctrine, where a case presents an issue that is "capable of repetition, yet

evading review."  See Weinstein v. Bradford, 423 U.S. 147, 149 (1975) (citation

omitted).  To fit within the exception, a case must contain the following two

elements: "(1) the challenged action was in its duration too short to be fully

7

litigated prior to its cessation or expiration, and (2) there was a reasonable

expectation that the same complaining party would be subjected to the same action

again." Id. (Sosna v. Iowa, 419 U.S. 393 (1975)).

      As to the first prong of the exception, the Ninth Circuit held in Padilla

v. Lever, 463 F.3d 1046 (9th Cir. 2006), that a case can evade review, even if a

motion for temporary restraining order or preliminary injunction is heard. Id. In

Padilla, Spanish-speaking voters filed a complaint against county officials alleging

that recall petitions failed to comply with the Voting Rights Act because they had

not been translated into Spanish. Id. at 1049. The district court denied the

plaintiffs' motions for temporary restraining order and preliminary injunction, and

the Ninth Circuit denied plaintiffs' emergency motion for injunction pending

appeal. Id. The election occurred days later, and the district court subsequently

resolved the case in favor of the defendants on the pleadings. Id.

      The Ninth Circuit held that the case fell into the "capable of repetition,

yet evading review"exception. Id. As to the first prong of the exception, the court

held that the case evaded review because although

> plaintiffs vigorously sought prompt review, seeking stays in both the
> district court and our court[,] [t]hose stays were denied [and] the
> plaintiffs did not receive a full adjudication of their claim on the
> merits. We are reaching the merits of their claim today, some four
> and one-half years after they filed their complaint.

8

Id. at 1050.  The court noted that the plaintiffs had only about four-and-one-half

months to challenge the election and noted that in other contexts, the Ninth Circuit

has found that periods of up to one or two years were insufficient to allow for a full

review of a case.  Id. at 1049-50 (citing Greenpeace Action v. Franklin, 14 F.3d

1324, 1329-30 (9th Cir. 1992) (one year); Alaska Ctr. for the Env't v. U.S. Forest

Serv., 189 F.3d 851, 855 (9th Cir. 1999) (two years)).  The court emphasized that

although it is able to hear expedited appeals before an election in extraordinary

cases, "we cannot expect extraordinary responses as a matter of course."  Id.  Thus,

evading review "need not mean that review is impossible[.]"  Instead, "[i]t only

means that in the ordinary course of affairs it is very likely to escape review."  Id.

(citing Joyner v. Mofford, 706 F.2d 1523, 1527 (9th Cir. 1983).

       In the instant case, Plaintiff filed his complaint on April 30, 2010, a

mere seven days before the debate on KITV 4.[2]  Defendants argue that this Court's

Order denying Plaintiff an injunction proves that Plaintiff's case could have been

reviewed before the debate—the challenged action in this case.  Defendants'

argument, however, is unpersuasive.  While the motion for injunctive relief was

litigated before the debate, this Court did not fully adjudicate the merits of

Plaintiff's claims before the debate.  Indeed, the fact that this Court is only now

_____

       [2] It is unknown how long the debate had been publicly scheduled.

9

reaching the merits of the case, three months after the conclusion of the debate, shows that Plaintiff's claims are capable of evading review.  See Davis v. Fed. Election Comm'n, 128 S. Ct. 2759, 2770 (2008) (election action could not be fully litigated before the conclusions of elections in 2004 or 2006 despite the Bipartisan Campaign Reform Act's mandate to expedite, demonstrating that the plaintiff's claims were capable of evading review).  Here, the amount of time between the filing of Plaintiff's Complaint and KITV 4's debate was insufficient to fully litigate Plaintiff's claims, and Plaintiff's unlikelihood of success on the merits made expedited review unfavorable.  Because in the ordinary course of affairs, Plaintiff's claims are very likely to escape review, Plaintiff has satisfied the first prong of the exception.

As to the second prong of the exception, "plaintiffs have the burden of showing that there is a reasonable expectation that they will once again be subjected to the challenged activity." Lee v. Schmidt-Wenzel, 766 F.2d 1387, 1390 (9th Cir. 1985).  "Speculative contingencies afford no basis for finding the existence of a continuing controversy between the litigants," and "when the chance of repetition is remote and speculative, there is no jurisdiction." Id.

Defendants argue that the "theoretical possibility that plaintiff may again run for Interim Representative, and KITV will again hold a debate for that office, and will again exclude plaintiff, cannot begin to satisfy the Supreme Court's test[.]"  (Mot. at 6 n.2 (citing Illinois State Bd. Of Elec. v. Socialist Workers Party, 440 U.S. 173, 187-88 (1979) (rejecting "conclusory assertions that the actions are capable of repetition" and dismissing election-related claim) and Van Wie v. Pataki, 267 F.3d 109, 115 (2d Cir. 2001) (same, following Illinois State Board and Murphy).)

Illinois State Bd. Of Elections involved the Chicago Board of Election Commissioners' enforcement of a statute that required independent candidates and new political parties to complete nominating petitions with signature requirements. Id. at 177.  Two new political parties, an independent candidate, and certain voters sued the Chicago Board, contending, among other things, that the signature requirements were unconstitutionally burdensome in a special election because of the short time frame to collect signatures.  Id. at 178.  Ultimately, the Chicago Board and the plaintiffs executed a settlement agreement, which the State Board of Elections appealed.  Id. at 180.  Seven months after the election, the Seventh Circuit Court of Appeals dismissed as moot the State Board's contention that the Chicago Board lacked authority to conclude a settlement agreement without prior

11

state approval, noting that the settlement order applied only to the election that had already occured.  Id.

The Supreme Court affirmed.  Id. at 187-88.  Applying the Weinstein test, the Court held that although the first part of the test was satisfied, the State Board "presented no evidence creating a reasonable expectation that the Chicago Board [would] repeat its purportedly unauthorized actions in subsequent elections." Id. at 187.  The Court stated that the State Board's "conclusory assertions that the actions are capable of repetition are not sufficient to satisfy the Weinstein test," particularly because the State Board did not contend that the Chicago Board previously attempted to conclude a settlement without its approval.  Id. at 187-88. The Court also stated that the settlement did not reflect either a policy that the Chicago Board would continue nor a consistent pattern of behavior.  Id. at 188.

As to a plaintiff's intentions to run for political office, the Ninth Circuit has cited with approval cases that "proceeded to the merits without examining the future political intentions of the challengers."  See Schaefer v. Townsend, 215 F.3d 1031, 1033 (9th Cir. 2000).  In Shaefer, the plaintiff, a Nevada resident, sought to run in a 1998 special California Congressional election but was denied because he was not registered to vote in California as required by the California Elections Code.  Id. at 1032.  The plaintiff filed a complaint

12

challenging the residency requirement.  Id.  The district court entered judgment in

favor of the defendants, and the plaintiff filed an appeal.  Id. at 1033.

        The Ninth Circuit, which evaluated the case after the special election

had ended, held that the case fell within the "capable of repetition, yet evading

review" exception to the mootness doctrine.  Id.  The court held: (1) that the short

span of time between the filing deadline and the election made the challenge

evasive of review; and (2) that the plaintiff's claim was capable of repetition

because in the future the state would deny him and any nonresident the right to run

for office in California.  Id.  Although the plaintiff refused to disclose whether he

intended to run for office in California in the future, the Ninth Circuit observed that

at least some cases "proceeded to the merits without examining the future political

intentions of the challengers."  Id. (citing Dunn v. Blumstein, 405 U.S. 330, 333 n.

2 (1972) ("the laws in question remain on the books, and Blumstein has standing to

challenge them as a member of the class of people affected by the presently written

statute."); Joyner v. Mofford, 706 F.2d 1523, 1527 (9th Cir. 1983) ("If [election

law] cases were rendered moot by the occurrence of an election, many

constitutionally suspect election laws . . . could never reach appellate review.").

The Ninth Circuit stated that the capable-of-repetition prong should not be

construed narrowly so as to provide that it is satisfied only when a candidate plans

to seek reelection.[3]  Id.

Moreover, other Ninth Circuit cases have applied the

capable-of-repetition prong by examining the practice and policies of the

defendants rather than the plaintiffs.  See Am. Civil Liberties Union of Nev. v.

Lomax, 471 F.3d 1010, 1018 (9th Cir. 2006); Padilla, 463 F.3d at 1050.

Here, unlike in Illinois State Board of Elections, KITV 4's own declaration through

General Manager, Mike Rosenberg, creates a reasonable expectation that KITV

will again exclude certain candidates from future debates.  (Doc. # 6, Declaration

of Mike Rosenberg ("Rosenberg Decl.").)  KITV 4 is a news intensive television

station and broadcasts more than twenty hours of news each week.  (Id. ¶ 6.)  It

appears from Rosenberg's declaration that KITV 4 has a procedure for operating

debates and for choosing candidates to include in a debates.  (Id. ¶¶ 3-5.)

Therefore, it is reasonable that KITV could again operate a debate that excludes

candidates like Plaintiff.

_____

[3]  In Wolfson v. Brammer, --- F.3d ---, 2010 WL 3191159 (9th Cir. Aug. 13,
2010), the Ninth Circuit declined to comment on the viability and significance of
Schaefer because the plaintiff in the case indicated his intent to run for office in the
future.  Id. at *5.

For all the reasons above, Plaintiff has met the requirements of the second prong of the exception, because Plaintiff could again run for political office and be denied the opportunity to participate in televised debates on KITV 4 in the future. Accordingly, the Court finds that Plaintiff's Complaint is not moot. However, as explained below, Plaintiff fails to state a claim for which relief may be granted.

II.    Merits of Plaintiff's Complaint

      A.    No Private Cause of Action Under Section 315 of the Communications Act

Defendants additionally argue that this Court does not have subject matter jurisdiction because the Plaintiff does not have a claim under section 315 of the Communications Act of 1934. (Mot. at 2.)

As this Court has explained in its PI Order denying Plaintiff's Motion for Injunctive Relief, under the Communications Act of 1934, as amended 47 U.S.C. §§ 1 et seq., the Federal Communications Commission ("F.C.C.") has established procedures for the production and broadcast of televised debates. Other circuits have found that there is no cause of action under section 315 of the Communications Act by a candidate who is excluded from a debate broadcast by a privately owned television station. See, e.g., McCarthy v. National Broadcasting

15

Co., No. 96-7822, 162 F.3d 1148, * 3 (2d Cir. 1998) (collecting cases); Lechtner v.

Brownyard, 679 F.2d 322, 326-27 (3rd Cir. 1982) (collecting cases).

      Further, Section 315 of the Communications Act expressly exempts

coverage of "bona fide news events" from the requirement to afford "equal

opportunities" for candidates.  See 47 U.S.C. § 315(a)(4).  Both the FCC and

federal courts have held that this exemption applies to the coverage of political

debates, even where the debates are sponsored by the broadcasting station.  See In

re Geller, No. 82-564, 95 F.C.C. 2d 1236, 1983 WL 182998, *7 (1983), aff'd,

League of Women Voters Educ. Fund v. F.C.C., No. 83-2194, 731 F.2d 995 (D.C.

Cir. Mar. 8, 1984) (table); accord Branch v. F.C.C., 824 F.2d 37, 46 n.11 (D.C.

Cir. 1987).

      Accordingly, the Court finds that Plaintiff fails to state a claim under

Section 315 of the Communications Act.

    B.    First and Fourteenth Amendments Claims

      In his Complaint, Plaintiff alleges that KITV 4's actions are

discriminatory and violate Plaintiff's right of free speech, right of communication,

right of participation in and of government, and right of association.  (Compl. at 2.)

Defendants argue that exclusion of minor candidates from debates does not violate

the First or Fourteenth Amendments if such exclusion is based on reasonable,

viewpoint-neutral criteria.

According to the United States Supreme Court in <u>Rendell-Baker v.</u>

<u>Kohn</u> 457 U.S. 830 (1982):

> [i]t is fundamental that the First Amendment prohibits <u>governmental</u>
> infringement on the right of free speech.   Similarly, the Fourteenth
> Amendment, which prohibits the states from denying federal
> constitutional rights and which guarantees due process, applies to acts
> of the states, not to acts of private persons or entities.

<u>Id.</u> at 837 (emphasis added) (citing <u>Shelley v. Kraemer</u>, 334 U.S. 1, 13 (1948));

accord <u>Jackson v. Metropolitan Edison Co.</u>, 419 U.S. 345, 349 (1974) (the Due

process clause of the Fourteenth Amendment offers no shield against private

conduct, "however discriminatory and wrongful") (citing U.S. Const. amend.

XIV)).   Additionally, as explained by the Fifth Circuit in <u>Belluso v. Turner</u>

<u>Communications Corp.</u>, 633 F.2d 393 (5th Cir. 1980):

> [because] broadcasters are not instrumentalities or agents of the
> Government, but operate as private parties under Government
> regulation, determination of whether there has been governmental
> action in any particular case turns on whether the Government in fact
> was in some way involved in bringing about the alleged violation,
> either by requiring or urging the broadcaster to commit the challenged
> action or by impressing it with Government imprimatur once it has
> been taken. It is illogical to say that when a private person acts in a
> manner left to his discretion he does so as a private person, but when
> that same private person acts in a way directly contrary to that
> required by law he does so as an agent of the Government. Once it is

> determined that a broadcaster acts as a private person subject to
> Government regulations, his actions cannot be imputed to the
> Government unless they are in some way approved or sanctioned by
> the Government.

Id. at 400.  See also DeBauche v. Trani, 191 F.3d 499, 507 (4th Cir. 1999) (radio

station not a state actor when sponsoring political debate, even though the debate

was held at a state university); Dezell v. Day Island Yacht Club, 796 F.2d 324, 327

(9th Cir. 1986) (protection of yacht club by local fire and police departments or

provision of liquor license  in accordance with state law was not "state action").

     In the instant case, KITV 4 is operated by Hearst Stations Inc., a

private corporation owned by Hearst Corporation.  (Doc. # 6, Rosenberg Decl. ¶ 2.)

KITV 4 is not owned by a state or political subdivision, and Mike Rosenberg's

declaration evidences that no government entity was involved in operating or

selecting candidates for the debate.  As such, there is no state action for which

Plaintiff has shown a cause of action against KITV 4 under the First Amendment

or Fourteenth Amendment.

     Additionally, even where a debate is broadcast by a public television

station owned by a state or political subdivision, the Supreme Court has held that

no private right of action lies under the First Amendment.  As stated in this Court's

PI Order denying Plaintiff's motion for injunctive relief, the instant case is similar

to <u>Arkansas Educ. Television Com'n v. Forbes</u>, 523 U.S. 666 (1998).  In <u>Forbes</u>,

petitioner Arkansas Educational Television Commission (AETC), a state-owned

public television broadcaster, sponsored a debate between the major party

candidates for the 1992 election in Arkansas' Third Congressional District.  <u>Id.</u> at

669-70.  When AETC denied the request of respondent Forbes, an independent

candidate with little popular support, for permission to participate in the debate,

Forbes filed suit, claiming, <u>inter</u> <u>alia</u>, that he was entitled to participate under the

First Amendment.  <u>Id.</u> at 671.

       The Court found that where property is not a traditional public forum

and the government has not chosen to create a designated public forum, the

property is either a nonpublic forum or not a forum at all, for purposes of First

Amendment analysis.  <u>Id.</u> at 677-78.  Access to a nonpublic forum can be restricted

if the restrictions are reasonable and are not an effort to suppress expression merely

because public officials oppose the speaker's views.  <u>See id.</u> at 680 (citing

<u>Cornelius v. NAACP Legal Defense & Ed. Fund, Inc.</u>, 473 U.S. 788, 800 (1985)).

       The Supreme Court held that the AETC debate was a nonpublic forum

from which the broadcaster could exclude the candidate in the reasonable,

viewpoint-neutral exercise of its journalistic discretion that was consistent with the

First Amendment.  <u>Id.</u> at 683.  The Supreme Court explained that a televised debate

19

among candidates for political office, sponsored by a public broadcaster, was a "nonpublic forum," rather than a "designated public forum." Id. at 678-79.  In such a forum, a broadcaster cannot grant or deny access to a debate among candidates for political office on the basis of whether it agrees with a candidate's views, however, a broadcaster could, under the First Amendment, exclude an independent candidate with little popular support in the reasonable, viewpoint-neutral exercise of its journalistic discretion. Id. at 682-83.

In Forbes, the debate did not have an open-microphone format, but rather, the broadcaster reserved eligibility for participation to candidates for a particular congressional district seat, then made candidate-by-candidate determinations as to which of the eligible candidates would participate, and the Court found that the plaintiff was not excluded because of his viewpoint, but for his objective lack of support.  Id. at 680; see also Chandler v. Georgia Public Television Comm'n, 917 F.2d 486 (11th Cir. 1990) (exclusion of Libertarian candidates from public television debate did not violate First Amendment or Equal Protection Clause of Fourteenth Amendment when content-based and not viewpoint restrictive); Belluso, 633 F.2d at 401 (there is no "constitutional right of access to the defendant's broadcasting facilities that would be necessary to undergird a damages claim for constitutional denial of that access").

20

In the instant case, as Defendants previously attested and Plaintiff never asserted to the contrary, KITV 4 made candidate-by-candidate determinations as to which of the eligible candidates for the Hawai`i's First Congressional District Seat would participate in the station's televised forum, based in part upon their degree of public support, and never took into account any candidate's individual political viewpoints.  (Doc. # 6, Rosenberg Decl. ¶ 3.) There were fourteen candidates for the First Congressional District.  KITV 4 along with its debate partner, the League of Women Voters, selected three candidates out of fourteen deemed the most newsworthy.  (Id.)  The criteria included public support as reflected in public opinion polls.  (Id.)  Clearly, KITV 4 relied upon its journalistic judgment in determining whom to include and made candidate determinations based upon objective, view-point neutral criteria.

As the Forbes' Court stated, "such 'selective access,' unsupported by evidence of a purposeful designation for public use, does not create a public forum, but indicates that the debate was a nonpublic forum." Id. at 680.  Further, such a process evidences that KITV 4's decision to exclude Plaintiff was a reasonable, viewpoint-neutral exercise of journalistic discretion consistent with the First Amendment.  The current record supports the finding that Plaintiff was excluded not because of his viewpoint, but because he had not generated

21

appreciable public interest.[4]  For the reasons stated above, the Court GRANTS

Defendants' Motion to Dismiss.

CONCLUSION

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss.

(Doc. # 9.)

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 31, 2010.



_____
David Alan Ezra
United States District Judge

Amsterdam v. KITV Television Station et. al, Cv. No. 10-00253 DAE-KSC;
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

_____

[4]  Although Plaintiff uses the term "discriminatory" throughout his Complaint, Plaintiff's mere use of the term does not create a cause of action. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007) (in providing grounds for relief, a plaintiff must do more than recite the formulaic elements of a cause of action); see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.") (citation omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("the non-conlcusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.").